UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIO SENEN MORENO BERMUDEZ,

        Petitioner,

        -against-

PEOPLE OF THE STATE OF NEW YORK,

        Respondent.
------------------------------------------------------------X

05-cv-4190 (SJF)

**OPINION & ORDER**

FEUERSTEIN, J.:

I.    Introduction

*Pro se* petitioner Julio Senen Moreno Bermudez ("Petitioner") petitions this Court for a writ of coram nobis. For the reasons set forth below, the petition is denied.

II.    Petitioner's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed.2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

III. Background

Petitioner pleaded guilty to possession with intent to distribute a controlled substance on July 12, 1983. (Pet., Ex. A, July 12, 1983 Docket Entry). The Honorable John R. Bartels of this Court sentenced Petitioner to five (5) years probation on January 31, 1984. (Id., Jan. 31, 1984 Docket Entry).[1] Petitioner, a native of Columbia, was arrested on February 24, 2005 by the "immigration and customs enforcement office, and they have detained me for the las[t] 7 months . . . [and] said to me that because [of] my sentence of trafficking [a] controll[ed] substance I could be deport[ed from] the [U]nited [S]tate[s] by an immigration judge . . . ." (Pet. at 3). Petitioner seeks a writ of error coram nobis and moves to vacate his sentence on the grounds that (1) his lawyer failed to advise him in 1983 that his conviction could subject him to deportation, and (2) during his allocution, Judge Bartels failed to give him his "alien WARNING of the mandatory immigration consequences of a guilty plea . . . as mandated by C.P.L.–220.50 . . . ." (Id. at 2) (capitalization in original).

IV. Analysis

A petitioner seeking a writ of coram nobis must demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate relief earlier, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996) (internal citations and quotations omitted). Relief pursuant to a writ of coram nobis is "strictly limited to those cases in which errors of the most fundamental character

---

[1] While Petitioner named the state of New York as the defendant, his criminal proceeding was in federal court. The proper party (and the party opposing the petition) is the United States and not the state of New York.

have rendered the proceeding itself irregular and invalid," id. at 78, and the Supreme Court has held that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996).

Petitioner, who pleaded guilty in 1983, "has not offered any justification why he failed to seek available collateral relief earlier." Durrani v. United States, 294 F. Supp. 2d 204, 213 (D. Conn. 2003). This delay alone merits denial of the petition. Furthermore, even if Petitioner could demonstrate sound reasons for his delay, his petition must be denied on the merits. In particular, his petition must be denied because (1) his criminal proceeding was in federal court and therefore not subject to NY CLS CPL 220.50, (2) deportation is a collateral consequence of a guilty plea and a defendant need not be advised of all collateral consequences,[2] see, e.g., Ahn v. United States, 02-cv-8031 (JFK), 2003 U.S. Dist. LEXIS 13879, at *12 (S.D.N.Y., Aug. 8, 2003); Grullon v. United States, 99-cv-1877 (JFK), 2004 U.S. Dist. LEXIS 16878, at *16 (S.D.N.Y., Aug. 24, 2004); and (3) the failure of Petitioner's counsel in 1983 to advise him of the effects of a law passed thirteen (13) years later clearly lacks merit. (See Pet. at 3) ("My criminal LAWYER at that time also did not inform me that a plea of guilty triggered the 1996 LAW automatic and mandatory deportation pursuant to the immigration act [of]1996 . . . .") (capitalization in original). Because Petitioner has not offered any other evidence of

---

[1] While the Second Circuit has held that "an affirmative misrepresentation by counsel as to the deporation consequences of a guilty plea is today objectively unreasonable," United States v. Couto, 311 F.3d 179, 199 (2d Cir. 2002), it has not held that a "failure to inform a defendant of the deportation consequences of a plea would by itself now be objectively unreasonable." Id. Petitioner's unsupported and conclusory allegation that his counsel made an affirmative misrepresentation is insufficient to merit the issuance of a writ.

fundamental errors that rendered his criminal proceeding irregular and invalid, his petition for a writ of coram nobis is denied.

V.  Conclusion

For the reasons set forth above, the petition is DENIED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

/s/
Sandra J. Feuerstein
United State District Judge

Dated: December 13, 2005
Brooklyn, New York

To:

Julio Senen Moreno Bermudez
A#36-019733
BOP #23324265
Federal Detention Center
P.O. Box 5010
Oakdale, LA 71463

Peter Alfred Norling
United States Attorneys Office
147 Pierrepont Plaza
Brooklyn, NY 11201